## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
DANIEL ESTREMERA,            :
                             :
          Petitioner,        :
                             :   Civil Nos. 3:14CV812(AWT)
v.                           :
                             :
UNITED STATES OF AMERICA,    :
                             :
          Respondent.        :
                             :
-----------------------------x
```

## RULING ON MOTION PURSUANT TO 28 U.S.C. § 2255

Petitioner Daniel Estremera, proceeding <u>pro</u> <u>se</u>, has filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.[1]  The petitioner claims that his prior convictions were insufficient to trigger an enhanced mandatory minimum penalty pursuant to 21 U.S.C § 851.  For the reasons set forth below, the petitioner's contentions are without merit, and the motion is being denied without a hearing.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In March 2007, a federal grand jury returned an Indictment charging the petitioner and 19 other defendants with conspiracy to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i)

---

[1] The petitioner filed an earlier petition in Case No. 3:11cv1474, and that case has been consolidated with this one.  Although styled as a petition pursuant to 28 U.S.C. § 2241, the original petition alleged a claim that was, in substance, brought pursuant to 28 U.S.C. § 2255.

and 846.  On May 7, 2008, the government filed a second offender information pursuant to 21 U.S.C § 851, asserting that the petitioner had been convicted of three narcotics felonies in 1997 and 1998 and stating that the petitioner faced a term of imprisonment of up to life, a mandatory minimum term of 10 years in prison, a maximum fine of $4,000,000 and a mandatory term of supervised release of at least eight years.

On May 8, 2008, the petitioner pled guilty to a substitute information charging him with conspiracy to possess with intent to distribute 100 grams or more of heroin.  In his plea agreement, the petitioner agreed that, after the enhancement pursuant to Section 851, he faced a mandatory minimum term of 10 years of imprisonment and a Guidelines range of at least 120 months of imprisonment.

The petitioner acknowledged in his plea agreement that his Guidelines range might be as high as 262 to 327 months of imprisonment, because, at the time he pled guilty, it appeared that the petitioner qualified as a career offender.  The petitioner also expressly waived his right to appeal or collaterally attack his sentence if the sentence did not exceed 262 months of imprisonment.

On September 18, 2008, the Second Circuit decided United States v. Savage, 542 F.3d 959 (2d Cir. 2008).  In Savage, the court held that a federal defendant's prior conviction that was

entered pursuant to an <u>Alford</u> plea, i.e. a plea in which a defendant is "unwilling or unable to admit his participation in the acts constituting the crime," could not categorically qualify as a "controlled substance offense," as that term is defined in Section 4B1.2(b) of the Guidelines, and, consequently, could not support a career offender enhancement under Section 4B1.1 of the Guidelines. <u>Id.</u> at 962, 964 (quoting <u>North Carolina v. Alford</u>, 400 U.S. 25, 37 (1970)).

On February 10, 2009, the petitioner was sentenced. At sentencing, the government informed the court that it was clear that two of Estremera's prior convictions (Docket Nos. H14H-CR960496486S and H14H-CR970509267S) were the result of <u>Alford</u> pleas, so the government could not establish that Estremera was a career offender.

Estremera was sentenced to a mandatory minimum term of 10 years of imprisonment, to be followed by an eight-year term of supervised release, on the charge contained in the substitute information. The petitioner did not appeal his sentence, and on February 21, 2009, the time period within which Estremera was required to file a direct appeal expired.

On June 29, 2009, the government filed a sentencing memorandum in an unrelated case, i.e. <u>United States v. Jackson</u>, 3:06cr151 (MRK), acknowledging that the reasoning of <u>Savage</u> should be extended to apply to second offender

enhancements under 21 U.S.C. § 851.  On August 10, 2009, Judge

Kravitz granted the government's motion to withdraw the § 851

second offender information that had been filed in the Jackson

case, thus recognizing the legal basis for the claim Estremera

appears to assert in his *habeas* petition.

On February 21, 2010, the one-year statute of

limitations on Estremera's right to file a *habeas* petition

expired.  On September 22, 2011, i.e. approximately 31 months

after Estremera had been sentenced and 19 months after the

statute of limitations on his *habeas* claim had run, Estremera

filed the petition in Case No. 3:11cv1474.

## II.  LEGAL STANDARD

Federal prisoners can challenge a criminal sentence

pursuant to 28 U.S.C. § 2255 only in limited circumstances.

> [A] "collateral attack on a final judgment in a criminal
> case is generally available under § 2255 only for a
> constitutional error, a lack of jurisdiction in the
> sentencing court, or an error of law or fact that
> constitutes 'a fundamental defect which inherently results
> in complete miscarriage of justice.'"

Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996)

(citing United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

> [N]ot "every asserted error of law can be raised on a
> § 2255 motion."  See Davis v. United States, 417 U.S.
> 333, 346 (1974) . . . .  The grounds provided in section
> 2255 for collateral attack on a final judgment in a federal
> criminal case are narrowly limited, and it has "long been
> settled law that an error that may justify reversal on
> direct appeal will not necessarily support a collateral

-4-

attack on a final judgment." <u>United States v. Addonizio</u>, 442 U.S. 178, 184 (1979) . . . ."

<u>Napoli v. United States</u>, 32 F.3d 31, 35 (2d Cir. 1994), <u>amended on reh'g on other grounds</u>, 45 F.3d 680 (2d Cir. 1995). Constitutional errors will not be corrected through a writ of habeas corpus unless they have had a "substantial and injurious effect," that is, unless they have resulted in "actual prejudice." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623, 637-38 (1993); <u>see also</u> <u>Underwood v. United States</u>, 166 F.3d 84, 87 (2d Cir. 1999) (applying <u>Brecht</u> to § 2255 motions).

"A § 2255 motion may not relitigate issues that were raised and considered on direct appeal." <u>United States v. Perez</u>, 129 F.3d 255, 260 (2d Cir. 1997) (declined to review plea withdrawal claim that had already been argued on appeal). This "so-called mandate rule bars re-litigation of issues already decided on direct appeal." <u>Yick Man Mui v. United States</u>, 614 F.3d 50, 54 (2d Cir. 2010)(citation omitted). "The mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." <u>Yick Man Mui</u>, 614 F.3d at 53.

"[F]ailure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice." <u>Campino v.</u>

United States, 968 F.2d 187, 190 (2d Cir. 1992).  This rule is applied because of concerns about "finality, accuracy and the integrity of prior proceedings, as well as concerns of judicial economy."  Id.  "[C]ollateral review of convictions 'places a heavy burden on scarce judicial resources, may give litigants incentives to withhold claims for manipulative purposes, and may create disincentives to present claims when evidence is fresh.'"  Id. (quoting Keeney v. Tamayo Reyes, 504 U.S. 1, 7 (1992)).

To obtain review of procedurally defaulted claims, the petitioner must show both "cause" for the default of each claim and "prejudice" that resulted from the alleged violation. See Ciak v. United States, 59 F.3d 296, 301, 302 (2d Cir. 1995), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162, 172 n.3 (2002) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).  "Where the petitioner--whether a state or federal prisoner--failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice from the alleged . . . violation.'"  Reed v. Farley, 512 U.S. 339, 354 (1994) (quoting Wainwright, 433 U.S. at 84).

"'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him".  Coleman v. Thompson, 501 U.S.

722, 753 (1991) (emphasis in original).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule."  Id. (quotation marks omitted) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

To demonstrate prejudice, a petitioner must convince the court "that 'there is a reasonable probability' that the result of the trial would have been different" if not for the alleged error.  Strickler v. Greene, 527 U.S. 263, 289 (1999) (applying the cause-and-prejudice standard to a state procedural default in a § 2254 habeas case). The question is whether, despite the error, "[the petitioner] received a fair trial, understood as a trial resulting in a verdict worthy of confidence."  Id. at 289-90 (internal quotation marks omitted) (quoting Kyles v. Whitley, 514 U.S. 419, 434 (1995)).

Section 2255 provides that a district court should grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief".  28 U.S.C. § 2255(b).  However, district courts may "exercise their common sense", Machibroda v. United States, 368 U.S. 487, 495 (1962), and may draw upon personal knowledge and recollection of the case, see Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1997); United States v. Aiello, 900 F.2d 528, 534

(2d Cir. 1990).  Thus, a § 2255 motion may be dismissed without a hearing if, after a review of the record, the court determines that the allegations are insufficient as a matter of law.

**III. DISCUSSION**

Estremera's petition lacks merit, first because he expressly waived his right to file the instant petition; second, even if he had not waived his right to appeal or collaterally attack his sentence, his petition is untimely and thus barred by the applicable statute of limitations; and third, the second offender information filed in his case was based upon a qualifying prior conviction.

### A.    Waiver of Right to Collaterally Attack Sentence

Under the terms of the plea agreement, Estremera agreed to not "appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence does not exceed 262 months of imprisonment, see U.S.S.G. § 2D1.l (sentencing table), an eight-year term of supervised release, see U.S.S.G. § 5D1.2, and a fine of $4 million, see U.S.S.G. § 5E1.2(c)(4), even if the Court imposes such a sentence based on an analysis different from that specified above."  Plea Agreement (Case No. 3:11-cv-01474-AWT, Doc. No. 11-3) at 5.  Estremera

"expressly acknowledge[d] that he **.** **.** **.** [was] knowingly and intelligently waiving his appellate rights." Id. The sentence imposed was a 120 month term of imprisonment, which was well below the 262-month term specified in the waiver.

"[I]n no circumstances **.** **.** **.** may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Hawkins, 513 F.3d 59, 61 (2d Cir.), cert. denied, 553 U.S. 1060 (2008).

Although there are certain limited exceptions to this rule, none are applicable here. The exceptions are:

> when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the Government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility . . . .

United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (quotation marks and citations omitted).

Nothing in the record here suggests that there is any issue as to whether Estremera's sentence was based on

constitutionally impermissible factors, or the court failed to give a rationale for the sentence, or the government breached the plea agreement. Nor does Estremera claim that his waiver was not made knowingly and voluntarily. In any event, given the plain language of the plea agreement and the exchange during the guilty plea hearing, any such claim would not be credible. The following exchange occurred during the guilty plea hearing:

> THE COURT: Do you understand that if the sentence in your case does not exceed 262 months, you are giving up your right to appeal or collaterally attack your sentence even if the Court arrives at that sentence after considering a Sentencing Guidelines analysis different from the one agreed upon by you and the government?
> THE DEFENDANT: I don't understand the 262 months.
> MR. NORRIS: May I have a second, Your Honor? (Pause.)
> THE DEFENDANT: I do, Your Honor.
> THE COURT: In that case, sir, I'm going to ask Mr. Caruso to outline the terms of the plea agreement. Would you please listen carefully as he does so because when he's done, I will ask you whether the agreement, as outlined by the Assistant United States Attorney, fully and accurately reflects your understanding of the agreement you have entered into with the government. Do you follow that?
> THE DEFENDANT: I do.
> THE COURT: Mr. Caruso.
> MR. CARUSO: Thank you, Your Honor.
>
>          . . .
>
> On page 5 of the agreement, Your Honor, there is the Waiver of the Right to Appeal or Collaterally Attack the Sentence provision. Your Honor has canvassed the defendant on that. It points out and states very clearly, in my estimation, that if the defendant's sentence does not exceed 262 months imprisonment, an eight-year term of

supervised release, and fine of $4 million, that the defendant has waived his right to appeal or collaterally attack the sentence.

. . .

THE COURT: Mr. Estremera, does the agreement, as outlined by the Assistant United States Attorney, fully and accurately reflect your understanding of the agreement you have entered into with the government?
THE DEFENDANT: Yes, Your Honor.

5/8/08 Tr. at 21, l. 3 to 25, l. 24.

Also, ''[a] defendant's inability to anticipate changes to the sentencing law does not render a waiver of appeal or collateral attack rights unknowing. See United States v. Morgan, 406 F.3d 135, 137 (2d Cir.2005) ("[A defendant's] inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.")" Tellado v. United States, 799 F. Supp. 2d 156, 182 (D. Conn. 2011), aff'd, 745 F.3d 48 (2d Cir. 2014). Uncertainty in the development of the law in the future "is simply one of the risks that accompanies pleas and plea agreements." United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005); see also United States v. Roque, 421 F.3d 118, 123 (2d Cir. 2005) (holding that a defendant who had

entered into a plea agreement before <u>Booker</u> could not challenge

his sentence on the grounds that he had negotiated the plea in

the "false belief' that the guidelines were mandatory).  Thus,

there is no basis to conclude that the petitioner did not

knowingly and voluntarily waive his right to collaterally

attack his sentence.

For these reasons, Estremera's collateral attack on his

sentence is foreclosed by the express waiver contained in the

plea agreement.

### B.   Statute of Limitations Governing Petitioner's Collateral Attack

Under 28 U.S.C. § 2255,

A 1-year period of limitation shall apply to a
motion under this section. The limitation period shall
run from the latest of - (1) the date on which the
judgment of conviction becomes final; (2) the date on
which the impediment to making a motion created by
governmental action in violation of the Constitution
or laws of the United States is removed, if the
movant was prevented from making a motion by such
governmental action; (3) the date on which the right
asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the
Supreme Court and made retroactively applicable to
cases on collateral review; or (4) the date on which
the facts supporting the claim or claims presented
could have been discovered through the exercise of due
diligence.

28 U.S.C. § 2255(f).

Estremera was sentenced on February 10, 2009 and judgment

entered the same day. Because the petitioner did not appeal,

the judgment became final for purposes of § 2255 on February 19, 2009, after passage of the 10-day period during which he could have timely filed a notice of appeal. See Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000). Thus, the limitations period applicable to Estremera's habeas petition began running on February 19, 2009 and expired on February 19, 2010.

Estremera filed his first petition on September 22, 2011, approximately 19 months after the statute of limitations had expired. Thus, the petition is barred based on the plain language of the statute of limitations.

The petitioner asserts that the petition is not barred by the applicable statute of limitations, relying on the "actual innocence" exception recognized by the Supreme Court in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). In McQuiggin, the Court framed the question presented, and its answer to that question, as follows:

> Here, the question arises in the context of 28 U.S.C. § 2244(d)(1), the statute of limitations on federal habeas petitions prescribed in the Antiterrorism and Effective Death Penalty Act of 1996. Specifically, if the petitioner does not file her federal habeas petition, at the latest, within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," § 2244(d)(1)(D), can the time bar be overcome by a convincing showing that she committed no crime?

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House,* or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."

McQuiggin, 133 S. Ct. at 1928 (citation omitted).

Here, however, the petitioner did not go to trial and does not point to any new evidence which calls into question his guilt, which he freely and voluntarily admitted during his guilty plea proceeding.

## C.    A Prior Conviction Supported the Enhanced Penalty

Even if the petitioner had not waived his right to collaterally attack his sentence, and even if his claim were not time-barred, his claim fails on the merits, because one of his three prior convictions listed in the second offender information qualified him for the enhanced penalty imposed in his case.

On May 7, 2008, the government filed a second offender information.  The second offender information stated, in pertinent part:

> On or about December 4, 1998, a date preceding the commission of the offense charged in Count One of the Substitute Information in this case, the defendant was convicted of a felony drug offense.  More specifically, the defendant was convicted of sale of narcotics in violation of Conn. Gen. Stat. § 21a-277(a), stemming from

an incident that occurred on or about May 28, 1998. He was convicted in the State of Connecticut Superior Court, Docket No. H15N-CR98-0176151-S, and was sentenced to 42 months' imprisonment.

On or about October 14, 1997, a date preceding the commission of the offense charged in Count One of the Information filed in this case, the defendant was convicted of a felony drug offense. More specifically, the defendant was convicted of sale of a controlled substance in violation of Conn. Gen. Stat. § 21a-277(b), stemming from an incident that occurred on or about August 5, 1997. He was convicted in the State of Connecticut Superior Court, Docket No. H14H- CR97-0509267-S, and was sentenced to four years in jail, suspended, to run concurrently with the sentence impose for the offense discussed in paragraph 7 below, and two years of probation.

On or about October 14, 1997, a date preceding the commission of the offense charged in Count One of the Substitute Information filed in this case, the defendant was convicted of a felony drug offense. More specifically, the defendant was convicted of sale of narcotics in violation of Conn. Gen. Stat. § 21a-277(a), stemming from an incident that occurred on or about November 3, 1996. He was convicted in the State of Connecticut Superior Court, Docket No. H14H-CR96-0496486-S, and was sentenced to four years in jail, suspended, and two years of probation.

Second Offender Information (3:11-cv-01474-AWT, Doc. No. 11-2)

at 2-3.

In its sentencing memorandum, and at the sentencing

hearing, the government conceded that the two prior convictions

on or about October 14, 1997 (Docket Nos. H14H- CR960496486S

and H14H-CR970509267S) were the result of pleas entered under

the Alford doctrine, and, consequently, did not qualify as

prior convictions for purposes of a finding of career-offender

status.  However, the sale of narcotics conviction on or about

December 4, 1998 (Docket No. H15N-CR98-0176151-S) was not

pursuant to an Alford plea.  The transcript of the plea

colloquy on December 4, 1998 reflects that the prosecutor

described the offense conduct as follows:

> PROSECUTOR:    May 28th, 1998 in the Town of
> Wethersfield, informant met with the police indicating that
> he knew of a person who was selling drugs at the Stop and
> Shop in Wethersfield.

> Apparently, this accused was in a motor vehicle, he
> was the driver.  When they were detained, they found
> cocaine, later which was tested positive for the presence
> of cocaine and it was just over an ounce.  And there was
> also some marijuana found.

12/4/98 Tr. (Case No. 3:11-cv-01474-AWT, Doc. No. 11-5) at 2-3

of 7, ll. 27-9.  When Estremera was asked whether he had had

"enough time to go over the nature and elements of sale of

narcotics with [his] attorney . . ." he answered in the

affirmative.  Id. at 4 of 7, ll. 15-16.  Also, when

subsequently asked "[a]re the facts essentially correct?" his

response was "Yes."  Id. at 5 of 7, ll.6-7. Thus, the

transcript corresponding to the pertinent prior conviction

confirms that the conviction is one which qualified Estremera

for the enhanced 10-year mandatory minimum penalty that was

imposed.

## IV.  CONCLUSION

For the reasons set forth above, the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is hereby DENIED.

The court will not issue a certificate of appealability because the petitioner has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

The Clerk shall close this case.

It is so ordered.

Dated this 22nd day of September 2017, at Hartford, Connecticut.

_____
          /s/AWT
    Alvin W. Thompson
United States District Judge
